USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. DAVID BEACH and CHRISTOPHER KELLY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CITIGROUP ALTERNATIVE INVESTMENTS LLC and CITIGROUP, INC.,<br><br>    Defendants. | No. 12-cv-7717 (GHW)<br><br>ECF Case |

# ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING NOTICE, AND GRANTING MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Plaintiffs Dr. David Beach and Christopher Kelly (the "Plaintiffs" or "Proposed Class Representatives"), by and through undersigned counsel, moved this Court on August 10, 2015 (the "Motion") for an order: (i) preliminarily approving a settlement of all claims in this action on a class-wide basis; (ii) approving Plaintiffs' request that Notice be given to members of the proposed class; (iii) granting certification of a proposed settlement class of certain former investors in the Citigroup "Corporate Special Opportunities" hedge fund (the "CSO Fund"); (iv) appointing Plaintiffs as class representatives; and (v) appointing the firms of Zamansky LLC and Kaplan Fox & Kilsheimer LLP as class counsel. In support of the Motion, the Plaintiffs have submitted a Settlement Agreement between themselves and Defendants Citigroup, Inc. ("Citigroup") and Citigroup Alternative Investments, LLC ("CAI") (together, the "Defendants") dated August 10, 2015 (the "Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together

with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in this action.

The Court has reviewed and considered the Agreement, including the appended proposed "Notice of Proposed Settlement of Class Action and Plan of Allocation" to the class of CSO Fund investors (the "Notice"), the proposed "Summary Notice," the proposed form of Verification and Release Form (the "Verification"), the proposed form of Order and Final Judgment, and submissions made relating thereto. The Court further understands that the Defendants do not oppose the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 19th day of August, 2015, that:

1. Where appropriate, capitalized terms used herein have the meanings defined in the Agreement.

2. This Action is STAYED until further notice with the exception of the deadlines outlined below. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class Members; (c) the claims of the Proposed Class Representatives are typical of the claims of the Class they seek to represent; (d) the Proposed Class Representatives will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

3. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court hereby preliminarily certifies the Class as:

(a) All persons or entities who purchased, held, or otherwise acquired (directly or indirectly) any class of shares in CSO US Ltd. or CSO Ltd.

(b) The Class shall exclude Defendants Citigroup and CAI and their affiliates and successors, to the extent they invested proprietary capital, as well as Former Defendants, to the extent they or their spouse or any entity controlled by them invested personally in the CSO Fund; this exclusion is not intended to exclude investments made and/or held by Defendants or their affiliates as nominees for outside investors.

(c) The Class shall also exclude any person who served as a member of the Board of Directors of the CSO Fund or the Board of Directors of Former Defendant CSO Partners Ltd., or any entity controlled by that person.

(d) The Class shall also exclude any persons who have either (i) released claims related to or arising from the subject matter of this dispute against Defendants or their affiliates and/or employees in a settlement, or (ii) have secured a final judgment from an arbitrator or a court that would preclude further litigation.

(e) The Class shall also exclude persons who affirmatively exclude themselves from the Class pursuant to the procedures described in the Notice.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Proposed Class Representatives are certified as the class representatives on behalf of the Class, and Zamansky LLC and Kaplan Fox & Kilsheimer, LLP are appointed class counsel ("Class Counsel").

5. This action shall be re-captioned as follows, and all filings on this docket should bear this caption going forward:

| | |
|---|---|
| IN RE: CSO HEDGE FUND LITIGATION | No. 12-cv-7717 (GHW) <br> ECF Case |

6. If any party becomes aware of any action brought in any court by any member of the Class related to the claims in this action, they shall notify all other parties and this Court within ten (10) business days of learning of the other action (or within ten business days of the date of this Order if the party is already aware) so that the Court can consider whether coordination and/or consolidation with the class action is appropriate.

7. A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on December 17, 2015 at 10:00 a.m. for the following purposes:

    a. to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

    b. to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c. to finally determine whether the Order and Final Judgment as provided under the Settlement Agreement should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties as set forth in the Settlement Agreement, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

      d.      to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

      e.      to consider the application of Lead Counsel for an award of Attorneys' Fees and Expenses;

      f.      to consider any Putative Class Member's objections to the Settlement; and

      g.      to rule upon such other matters as the Court may deem appropriate.

8. The Court reserves the right to adjourn the Final Settlement Hearing to a later date. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

9. The Court reserves the right to approve the Settlement, with such modifications as may be agreed upon or consented to by the Parties, and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

10. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Verification of Claim and Release, all of which are exhibits to the Settlement Agreement, understanding that the Parties correct the Court's address in those draft documents and communicate the corrections to the Claims Administrator.

11. Class Counsel have the authority to enter into the Settlement Agreement on behalf of the Class and are authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Agreement or such other acts that are reasonably necessary to consummate the Settlement.

12. Class Counsel, through the Claims Administrator, shall effect the following schedule:

 a. Cause the Notice and Verification Form, substantially in the forms annexed to the Settlement Agreement, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order (the "Notice Date"), to all Putative Class Members who can be identified with reasonable effort by the Claims Administrator using records of legal owners of the CSO Fund that were provided by Defendants to Class Counsel.

 b. Class Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased CSO Fund shares. Such nominee purchasers shall make reasonable efforts to forward copies of the Notice and Verification Form to the beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Verification Form to beneficial owners.

 c. Class Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing the Notice and Verification Form, both to Putative Class Members and to nominees.

 d. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on *PR Newswire* and in print once in the *Investor's Business Daily* within fourteen (14) calendar days after the

        Notice Date.  Class Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

e.    The Claims Administrator shall scan and send electronically copies of all Requests for Exclusion from and Objections to the Class settlement in PDF format (or such other format as shall be agreed) to counsel for Defendants and to Class Counsel expeditiously after the Claims Administrator receives such Requests for Exclusion or Objections.

f.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Putative Class Member shall take the following action and be subject to the following conditions:

    i.    A properly completed and executed Verification and Release Form must be timely submitted to the Claims Administrator, at the address indicated in the Notice, postmarked not later than the deadline indicated in the Notice. Such deadline may be further extended by Order of the Court.

    ii.    Each Verification and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Verification and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Verification and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually

        received by the Administrator at the address designated in the Notice.

iii.    The Verification and Release Form submitted by each Putative Class Member must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.  In addition, if the Putative Class Member disputes the account balance(s) accompanying the Notice from the Claims Administrator, he must provide adequate supporting documentation for the claimed account balance(s), in the form of account statements or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel.  If the person executing the Verification and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Verification and Release Form.  The Verification and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

iv.    Once the Claims Administrator has considered a timely-submitted Verification and Release Form, it shall determine whether such claim is valid, deficient or rejected.  Prior to rejection of a Verification and Release Form, the Claims Administrator shall communicate with the Claimant in order to allow him/her/it to remedy curable deficiencies in the Verification and Release Form submitted.  The Claims

        Administrator shall notify, in a timely fashion and in writing, all Claimants whose Verification and Release Forms it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements in the Settlement Agreement. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Verification and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. For the filing of and all determinations concerning their Verification and Release Form, each Putative Class Member shall submit to the jurisdiction of the Court.

    v.    All Putative Class Members who do not submit a valid and timely Verification and Release Form will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Settlement Agreement and the Order and Final Judgment, if entered.

13.    Class Counsel are authorized to establish a Settlement Fund Escrow Account into which Defendants will deposit the Settlement Consideration. Class Counsel are also authorized to establish a second escrow account (the "Settlement Administration Account")

which may be funded from the Settlement Fund Escrow Account and used to pay all Notice and Administration Expenses, both before and after the Effective Date of the Settlement. The amount of initial funding of the Settlement Administration Account may not exceed $100,000.00 without approval from the Court.

14. The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

15. Putative Class Members shall be bound by all determinations and judgments in the Class Actions, whether favorable or unfavorable, unless such persons request exclusion from the Classes in a timely and proper manner, as hereinafter provided. A Putative Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than November 25, 2015 at the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e- mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person. Putative Class Members requesting exclusion are also required to specify all their purchases and sales of CSO Fund shares, including the date, number of shares and price of the shares purchased or sold, and the claimed account balance(s) as of January 31, 2008. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise

accepted by the Court. Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. Copies of all Requests for Exclusion received shall be delivered to Defendants' Counsel as soon as possible after receipt and no less than fourteen (14) calendar days prior to the Settlement Hearing. Copies of all written revocations of Requests for Exclusion shall be delivered to Defendants' Counsel as soon as possible after receipt and no less than ten (10) calendar days prior to the Settlement Hearing.

16. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

17. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses, or payments to Class Representatives, only if such comments or objections and any supporting papers are served to be received no later than November 25, 2015, upon each of the following:

**THE COURT:**

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

**CLASS COUNSEL:**

**Any one of:**

Jacob H. Zamansky, Esq.
Edward Glenn, Jr., Esq.
ZAMANSKY LLC
50 Broadway, 32nd Floor
New York, NY 10004

Frederic S. Fox, Esq.
David A. Straite, Esq.
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022

**and:**

11

**DEFENSE COUNSEL:**

Brad Karp, Esq.
Audra Soloway, Esq.
PAUL WEISS RIFKIND WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing. Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

18. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Proposed Class Representatives.

19. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Proposed Class Representatives shall be filed on or before November 4, 2015.

20. Any submissions filed in Reply to any objections or requests for exclusion, or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Proposed Class Representatives, shall be filed no later than December 10, 2015.

21. The Claims Administrator shall administer and calculate the claims of Putative Class Members that it determines should be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Class Counsel, and subject to appeal to, and jurisdiction of, the Court. Except as specifically provided in the Settlement Agreement, neither the Defendants nor Defendants' Counsel shall have any rights with regard to, or liability, obligation or responsibility for, the administration of the Settlement Fund or Net Settlement Fund or the distribution of the Net Settlement Fund.

22. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims.

23. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Verification Form and Release filed by any Class Member and any future requests by one or more of the Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Agreement be enforced.

Dated: August 19, 2015

**IT IS SO ORDERED.**

Hon. Gregory H. Woods
United States District Judge